## Moe vs. Moe. (Three Appeals.)

CHANGE OF VENUE: STAY OF PROCEEDINGS: APPEAL: DIVORCE: TEMPORARY ALIMONY. *(1) Right of defendant in divorce to have venue changed to his county, even when it must afterwards be removed thence. (3) Demand of such change does not stay proceedings. (2) Double appeal for same relief. (4) Record on appeal from order for temporary alimony. (5) Power of court to which the cause is removed, over previous allowances for temporary alimony, etc.*

1. In a divorce suit not commenced in the county of defendant's residence, he is entitled to have the venue changed to that county, notwithstanding plaintiff's affidavit that the circuit judge thereof is prejudiced against her; although, upon renewal of such affidavit after the change of venue, she may be entitled to have the cause sent out of that circuit for trial.

2. Where the same motion, on the same ground, is made and denied twice in the same action, and both orders appealed from, the relief sought being obtained on the first appeal, the second is dismissed.

3. Where the summons is served on the defendant in his own county, his demand that the venue be changed to that county (under sec. 4, ch. 123, R. S.) does not operate as a stay of proceedings; and the court in which the action is, has authority, pending the motion for the change of venue, to order payment of temporary alimony and suit money. *Bonnell v. Gray*, 36 Wis., 574, followed.

4. Where an answer was served after the motion for temporary alimony, etc., was made, and before it was determined, but was not filed until after its determination, and was not before the court on the hearing of the motion, this court must affirm the order granting such alimony if justified by the facts stated in the petition.

5. But the proper circuit court can modify said order on defendant's application, and may in its discretion allow, on the attorney's fees therein directed to be paid, any attorney's fees which shall be paid by the defendant on these appeals.

APPEALS from the Circuit Court for *Milwaukee* County.

Appeals from three orders made in the progress of the cause. The action is for a divorce, and was commenced in the circuit court for Milwaukee county. The summons and complaint were served on the defendant in Portage county, March 8, 1875. It is undisputed that the defendant was then, and for many years had been, a resident of the latter county. On the 13th of the same month, defendant served upon plaintiff's attorney an affidavit of such residence, together with a notice of motion to be made to the court on a day therein specified for an order changing the place of trial of the action to Portage county, unless plaintiff should sooner consent to said change. Plaintiff not consenting thereto, the motion was argued, and was denied by an order bearing date, May 17, 1875. On the argument, an affidavit of the plaintiff was read in opposition to the motion, to the effect that the judge of the judicial circuit which includes Portage county is prejudiced against the plaintiff. The first appeal is from the order of May 17th.

Moe vs. Moe.    (Three Appeals.)

The motion for a change of the place of trial, for the same cause, was renewed, and, by an order dated May 26, 1875, was again denied. The second appeal is from this order.

With the summons and complaint a petition of the plaintiff for temporary alimony and suit money, and an order to show cause why an allowance therefor, to be paid by the defendant, should not be made, was served upon the defendant. The petition alleges that the plaintiff is wholly destitute of the means of support, and, upon information and belief, that the defendant has property of the value of over $20,000, and that his annual income is over $3,000. The motion, or order to show cause, was undefended, and the court made an order founded thereon, dated April 20, 1875, requiring the defendant to pay to the plaintiff's attorney $100 for attorney fees, and also to pay to her or her attorney five dollars per week during the pendency of the action. The third appeal is from the order of April 20th.

The cause was submitted on briefs.

*D. Lloyd Jones* and *Butler, Davis & Flanders*, for the appellant, contended that a demand in writing for a change of the venue to defendant's county having been made in due form before the time for answering expired (Tay. Stats., 1423, § 4), and proof of such demand having been filed in the office of the clerk of the circuit court for Milwaukee county, the latter court had no other jurisdiction than to make an order transmitting the papers in the cause to the proper county; and that the order granting alimony was therefore void. 2. That unless the summons and complaint were served on the defendant in Portage county, the demand itself stayed all proceedings; and there is no record proof as to where the summons and complaint were served. Tay. Stats., 1423, § 5. 3. That the order granting alimony should be reversed for the further reasons that it was made in the absence of the defendant and his counsel, and not upon the day named in the order to show cause why alimony should be granted; and that

the answer alleged facts showing that plaintiff was not entitled to alimony.

*J. V. V. Platto*, for respondent, argued that as the object sought by the two appeals from the two orders refusing to change the place of trial could have been accomplished by one appeal, the second appeal must be dismissed. *Young v. Groner*, 22 Wis., 205; *Mead v. Walker*, 20 id., 518. 2. The defendant did not entitle himself to a change of venue on the ground that the action had not been commenced in the proper county, because no proper *demand* in writing was made before the time for answering expired (Tay. Stats., 1423, § 4), but a *motion* was made in the first instance. The *consent* of the plaintiff must first be sought in such cases; if that is not obtainable, an order of the court may then be sought. "The object of the demand is to allow the plaintiff an opportunity of voluntarily correcting the error without the expense of a motion." *Vt. R. R. Co. v. Northern R. R. Co.*, 6 How. Pr., 106; *Houck v. Lasher*, 17 id., 520; *Pereles v. Albert*, 12 Wis., 666; *Foster v. Bacon*, 9 id., 345, 347; *State v. McArthur*, 13 id., 407–8; *Lane v. Burdick*, 17 id., 92, 95; 2 Wait's Pr., 628 b, 629 a; 1 Till. & Shearm. Pr., 528–30; 1 Whittaker's Pr. (3d ed.), 664; 2 id., 1019; 2 Abb. Pr. & Pl., 243, note (a), and 246. 3. By admitting "due service" of notice of trial and giving a cross notice, defendant waived his right to a change of venue. *Struver v. Ocean Ins. Co.*, 9 Abb. Pr., 23, 27; *Talman v. Barnes*, 12 Wend., 227. 4. The affidavit used in plaintiff's behalf at the hearing, showing that the circuit judge of Portage county was prejudiced against her, was a sufficient ground for denying the motion. *Bonnell v. Esterly*, 30 Wis., 549; *Goodno v. Oshkosh*, 31 id., 127. 5. The appeal from the order denying a change of venue was no ground for refusing suit money and alimony *pendente lite*. 5 Wait's Pr., 736; *Robertson v. Robertson*, 1 Edw., 360; *Wood v. Wood*, 7 Lans., 204. 6. The statements of the answer, being contradicted by those of the plaintiff's petition,

cannot be taken as true against her; and she is entitled to the means of support and of carrying on the suit pending the trial and determination of the issues of fact.

LYON, J.   I. The first motion for a change of the place of trial to Portage county should have been granted.   The notice of motion contained a good demand for such change under the statute (R. S., ch. 123, sec. 4), and the affidavit of the plaintiff that the judge of the seventh circuit is prejudiced against her, is not sufficient to defeat the motion.   Such affidavit may show that the action should not be tried in that circuit; and if it be renewed when the cause is sent to Portage county, the circuit judge will doubtless send the cause out of his circuit; but it does not show that the trial ought to be had in Milwaukee county.   In that respect it is quite unlike the case of *Couillard v. Johnson*, 24 Wis., 533, where it was made to appear that the action ought to be tried in the county in which it was commenced.   We hold that in this and similar cases, an affidavit of the prejudice of the judge of the circuit court for the county in which the defendant resides, is not, of itself, sufficient ground for denying a motion to change the place of trial to that county.   The order of May 17, 1875, denying the plaintiff's motion to change the place of trial to Portage county, must be reversed, and the cause remanded with directions to the circuit court to grant such motion. The defendant must pay the costs of the appeal from the order of May 17; but no attorney's fees shall be taxed therein against him.

II. The defendant having obtained by his first appeal all that he seeks to obtain by his appeal from the order of May 26, the latter appeal is superfluous, and must be dismissed. *Young v. Groner*, 26 Wis., 205.

III. The demand that the place of trial be changed to Portage county was made under sec. 4, ch. 123, R. S., and did not operate as a stay of proceedings, as it would have done had

the summons been served in any other than Portage county. Laws of 1869, ch. 185 (Tay. Stats., 1423, § 5). No order was made staying proceedings in the action pending the motion. Under these circumstances it must be held, on the authority of *Bonnell v. Gray*, 36 Wis., 574, that pending such motion the court had jurisdiction of the action, and authority to make the order for the payment of temporary alimony and suit money. In making that order the court had before it only the complaint and petition. True, the answer had been served when the motion was determined and the order made; but it was not filed until June 4th, and was not before the court on the hearing of the motion.

Taking the facts stated in the petition as true, the allowance does not seem excessive. We must therefore affirm the order of April 20th. But the whole matter is under the control of the proper circuit court; the defendant is at liberty to apply to that court for a modification of the order; and the court may in its discretion allow, on the attorney's fees therein directed to be paid, any attorney's fees which shall be taxed against and paid by the defendant, on these appeals.

*By the Court.* — Order of March 17th reversed; that of April 20th, affirmed; and the appeal from the order of May 26th, dismissed.