JOHN JENKINS

*v.*

ELIZABETH JENKINS.

91  167
24a 433
91  167.
125  521
91  167
37a 494
91  167
144  596
40a 205
91  167
169  214
91  167
83a 525
91  167
183  164
91    167
f105a¹367

1. DIVORCE—*allowance of solicitor's fees after appeal.* Under the statute, the circuit court, after an appeal is perfected from a decree of divorce in favor of a wife, has the power to make an order, on motion of the wife, for the allowance of solicitor's fees for attending to her case in the Supreme Court.

2. SAME—*allowance of solicitor's fees does not depend upon wife's absolute right to divorce.* It has never been regarded as a prerequisite to obtaining a decree for temporary alimony or solicitor's fees in favor of a wife seeking a divorce, that she should establish, to the satisfaction of the court, that she is entitled to a divorce. If she is without means to prosecute her suit, and it appears that she has probable grounds, this will be sufficient for an order requiring the defendant to pay her solicitor's fees.

3. SOLICITOR'S FEES—*whether excessive.* Where an appeal was taken by a husband from a decree of divorce to this court, and pending the appeal the circuit court ordered the husband to pay a solicitor's fee of $300 to attend to the wife's case on the appeal, from which order the husband appealed, it was *held,* that the fee allowed was not so excessive as to justify a reversal of the order.

4. REVERSAL *of decree for divorce—its effect on order to pay solicitor's fees.* The reversal of a decree of divorce in favor of a wife, by this court, does not require a reversal of an order of the circuit court requiring the husband to pay a sum for the payment of the fees of the solicitor of the wife, for services in presenting her case on the appeal.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

Mr. ARTHUR D. RICH, for the appellant.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

On the 8th day of December, 1875, a decree for divorce was rendered in favor of appellee in the circuit court of Cook county. The decree contained a provision for alimony and solicitor's fees. The defendant in the case prayed for and obtained an appeal to this court. While the appeal was pend-

ing in this court, and on the 21st day of October, 1876, appellee entered a motion in the circuit court for a further allowance of solicitor's fees to be used in the payment of her attorneys for attending to her case in this court. The court sustained the motion and awarded complainant $300. From this order or judgment appellant also appealed.

Three grounds of reversal are relied upon : first, that the court had no jurisdiction or right to entertain the motion and order solicitor's fees after the cause had been removed into the Supreme Court; second, that the court erred in decreeing the allowance, because no sufficient ground for divorce existed ; third, that the amount allowed was excessive.

In regard to the first point relied upon, were it not for sec. 15, chap. 40, R. L. 1874, page 421, we would have no hesitation in holding that appellant's position was well taken,—that after the appeal was consummated and the cause was removed to this court, the circuit court had no right to require appellant, by decree or otherwise, to pay attorney or solicitor's fees ; but the section of the statute referred to in plain and express terms confers the power upon the circuit court, and the law as enacted by the Legislature must control.

As to the second question presented, we are not aware that it has ever been regarded as a prerequisite to obtaining a decree for alimony or solicitor's fees, pending a divorce suit, that the complainant should establish to the satisfaction of the court that she was entitled to decree for divorce. Where a bill is pending for divorce and the wife is without means to prosecute her suit, and it appears to the court that complainant has a probable ground for divorce, it has always been regarded proper for the court to enter an order requiring the defendant to pay solicitor's fees.

It is true, this court, on the hearing of the appeal, held the evidence insufficient to sustain a decree for divorce, yet the facts before the court were, doubtless, sufficient to authorize the court to require the payment of solicitor's fees to enable complainant to present her case fairly in court. Sec. 15, R. L.

1874, page 421, provides that in all cases of divorce, the court may require the husband to pay to the wife, or to pay into court for her use during the pending of the suit, such sum or sums of money as may enable her to maintain or defend the suit. Under this statute it does not seem to be required that a wife should establish to the court that she was entitled to a decree before an order for solicitor's fees could be entered; but, independent of the statute, it has been the practice for many years, in courts of chancery, when a case was pending for divorce, to enter an order or decree requiring the payment of solicitor's fees without requiring the wife to establish absolutely the fact that she was entitled to a divorce. See Bishop on Marriage and Divorce, vol. 2, sec. 398, and cases there cited.

In regard to the last point, we do not regard the allowance of $300 so excessive as to authorize us to interfere. No doubt a smaller sum might have secured the services of attorneys capable of prosecuting the case in this court, yet the amount is not so far out of the way as to require a reversal of the judgment on that account alone.

This disposes of the questions properly arising upon the record. It has, however, been suggested by counsel, in argument, that the decree for divorce was reversed by this court, which necessitates a reversal of this order. The mere fact that the decree of divorce was reversed, does not require a reversal of this order; in other words, the reversal of the decree is not a ground of reversal here. Appellee, no doubt, obtained the services of counsel to present her case in this court on the faith of the order that was entered requiring the payment of solicitor's fees, and it would now be manifestly unjust, after the services have been rendered, to vacate the order on the ground that appellee was not successful in her action.

No ground is perceived for reversing the order, and it will be affirmed.

*Judgment affirmed*

Mr. JUSTICE SCOTT:   I do not concur in this decision.   Our former decision ought to control this case.   *Jenkins* v. *Jenkins,* 86 Ill. 340.