## SPRAUL v. LOUISIANA.

ORIGINAL MOTION IN A CAUSE BROUGHT UP BY WRIT OF ERROR
TO THE SUPREME COURT OF LOUISIANA.

Submitted November 21, 1887. — Decided December 5, 1887.

A supersedeas obtained by a plaintiff in error under the provisions of Rev. Stat. § 1007 does not operate to enjoin the defendant in error from bringing a new suit on a new cause of action, but arising out of the same general matter, and involving the same questions of law which are brought here for review.

THIS was a motion for a rule on J. V. Guilotte, mayor of the city of New Orleans, and Henry Larque, lessee of the public markets of New Orleans, to show cause why they should not be punished for a contempt of the supersedeas in this case. The case is stated in the opinion of the court.

*Mr. J. Hale Sypher* and *Mr. West Steever* for the motion.

No one opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This motion is denied. The plaintiffs in error were proceeded against in the name of the State of Louisiana before the recorder of the first recorder's court of the city of New Orleans for an alleged violation of an ordinance of that city. The judgment of the recorder's court does not appear in the printed record, but the case was taken by appeal to the Supreme Court of the State, and in the opinion of that court it is stated that the appeal was by the defendants "from judgments rendered against them for the payment of a fine, and in default of payment sentencing them to imprisonment for the violation of ordinance No. 4798, A. S., which forbids the keeping of private markets within six squares of a public market within the limits of the city of New Orleans." The order of the Supreme Court was, " that the judgment appealed from be affirmed with costs."

To reverse this judgment of the Supreme Court the present writ of error was sued out, and a supersedeas obtained, in accordance with the provisions of § 1007, Revised Statutes, May 12, 1887. The complaint now is, that with this supersedeas in force, the mayor of the city and the lessee of the public markets have caused suits to be begun in the Civil District Court of the Parish of New Orleans to enjoin the plaintiffs in error, and each of them, " from opening, maintaining, or carrying on a private market . . . anywhere . . . in the city of New Orleans within six squares of a public market," and "that the grounds on which said injunctions are

based are the same law and city ordinance, the same defendants, and the same location of mercantile business, as that involved in said writ of error, being the same persons and same cause of action in said injunctions, and based on the same law and city ordinance, identical in every particular with the cases involved in said writ of error."

It is not alleged that any attempt has been made to carry the judgment which is here for review into execution. The whole gravamen of the charge made in support of this motion is, that the mayor and lessee of the markets have commenced another suit in another court upon another cause of action growing out of violations of the same ordinance. The supersedeas provided for in § 1007 of the Revised Statutes stays process for the execution of the judgment or decree brought under review by the writ of error or appeal to which it belongs. It operates on the judgment or decree, not on the questions involved considered apart from the particular suit in which they were decided. The new suits now complained of are not brought to give effect to the judgment in this case, but to enjoin the plaintiffs in error from further violations of the ordinance which was the foundation of the prosecution now here for review. This judgment is in no way connected with or made the basis of the injunction in the Civil District Court. Both suits may involve the consideration of the validity of the same ordinance, but the last is in no sense' process for the execution of the judgment in the first. It follows, that, upon the showing made by the plaintiffs in error themselves, there is no ground for proceeding here against the mayor or the lessee of the market, and that the rule ought not to issue.

*Denied.*

MR. CHIEF JUSTICE WAITE. We understand that the motions in HUG *v.* LOUISIANA (No. 1272) ; ROUCHE *v.* LOUISIANA (No. 1273) ; and SPRAUL *v.* LOUISIANA (No. 1274) ; involve precisely the same question, and they are consequently also

*Denied.*