THE STATE OF FLORIDA, EX REL. N. J. C. SHRADER, PLAINTIFF, VS. BARRON PHILLIPS, CIRCUIT JUDGE, ET AL., DEFENDANTS.

A bill in chancery to vacate a decree of divorce was demurred to as being insufficient to require an answer, and the Circuit Judge overruled the demurrer, and thereupon the defendant appealed and the Circuit Judge made an order that the appeal should operate as a supersedeas until the hearing by the appellate court, a supersedeas bond being given. After such appeal and supersedeas were perfected the Circuit Judge, upon a petition and affidavit filed by the complainant, made an order of reference for inquiry and report as to what would be a reasonable sum to allow her for her support and maintenance pending the suit, and to enable her to prosecute her suit and defray the necessary expenses and costs thereof, and to inquire whether or not she was worthy: *Held*, That pending the appeal and supersedeas the Circuit Court was without power or jurisdiction to entertain such proceedings for alimony and suit money.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the court.

Suggestion for Writ of Prohibition.

*J. W. Brady* for Plaintiff.

RANEY, C. J. :

Norman J. C. Shrader filed a suggestion stating that he is a defendant to a certain bill filed in DeSoto Circuit Court by Aurelia Shrader to set aside a decree of divorce which he had obtained against her, and that to such bill he filed a demurrer, and that the demurrer was overruled and he appealed to this court from the order overruling the demurrer, and that such appeal is

now pending here. That his appeal was taken from the order, and he gave good and sufficient bond, and the Circuit Judge made an order that the appeal should operate as a supersedeas until the hearing by this court. That since the granting of the supersedeas order and the perfecting of the appeal the Circuit Judge has, upon petition and affidavit filed by said Aurelia, made an order of reference requiring the clerk of the court to inquire and report what would be a reasonable sum to be allowed her for her support and maintenance pending this suit, and to inquire whether or not she "is worthy," and what would be a reasonable sum to be allowed her to enable her to prosecute her suit and defray the necessary expenses and costs thereof. It prays a writ of prohibition.

To this suggestion Judge Phillips has demurred, and filed a brief in support of the demurrer.

The appeal has transferred the cause to this court for a hearing here on the demurrer; or, in other words, a rehearing in this court, as to the sufficiency of the bill to require an answer from the defendant. Southern Life & Trust Co. vs. Cole, 4 Fla., 359. The order appealed from adjudged the sufficiency of the bill, and required the defendant to plead within twenty days, and the purpose of the supersedeas was to stay any further proceedings in the cause under this order until this court should decide and remand the cause. Section 1458, Revised Statutes. Should we find there was no cause of action stated in the bill, we could do no more for the complainant than remand the case with leave to complainant to amend and for a dismissal of the bill in default of amendment within due time. The Circuit Judge obviously has concluded that alimony and suit money are allowable to the female party to the suit, in a case like this, as in

ordinary suits for divorce. The prohibition proceeding now before us is not the one in which to decide this point. The following authorities will be found relevant to the question when it shall come properly before us: Wilson vs. Wilson, 49 Iowa, 544; McFarland vs. McFarland, 51 Iowa, 565; Smith vs. Smith, 3 Oregon, 363; Bishop on Marriage and Divorce, 386, 393, note 3, 402. We decide nothing as to it now. The question for decision is whether or not the Circuit Judge had the power or jurisdiction to entertain the proceedings for alimony and suit money after the appeal and supersedeas. In our judgment he did not have it. The order of reference complained of is based upon the theory of the sufficiency of the bill to support further proceedings in the cause, while the purpose and the effect of the supersedeas is to arrest all further proceedings in the Circuit Court on the bill until this court has adjudicated its sufficiency, notwithstanding the adjudication of its sufficiency in the lower court. In State vs. J., P. & M. R. R. Co. *et al.*, 15 Fla., 201, it was held as to a supersedeas of an interlocutory order that it suspends the action and power of the inferior court in the matter appealed from; and in Holland vs. State, 15 Fla., 549, where the judgment appealed from was final, the decision was that where an appeal and supersedeas have been effected the jurisdiction of the appellate court attaches, and its jurisdiction is then exclusive, and that the appellee, plaintiff below, could not, pending the appeal, dismiss his case in the lower court, and thereby dismiss the appeal. In Jenkins vs. Jenkins, 91 Ill., 167, it is said that but for a statutory provision expressly giving the power there would be no hesitation in holding that the trial court had no power after the consummation of the appeal to allow the wife solicitor's fees for services in

the appellate court. The following authorities are of value as to the effect of appeals on the powers of the inferior court: Cralle vs. Cralle, 81 Va., 773; Lewis vs. Lewis, 20 Mo. App., 546; Bronson vs. La Crosse R. R. Co., 1 Wall., 405; Board of Commissioners vs. Gorman, 19 Wall., 661; Ensminger vs. Powers, 108 U. S., 292; Spraul vs. Louisiana, 123 U. S., 516; Allen vs. Allen, 80 Ala., 154; Boynton vs. Foster, 7 Met., 415; Helm vs. Boone, 6 J. J. Marsh., 351; Elgin L. Co. vs. Langman, 23 Ill. App., 250; State *ex rel.* vs. Judge, 41 La. Ann., 958; Elliott's Appellate Procedure, note 1 to Section 541.

The power of the Circuit Court as to the equities and rights of the complainant dependent upon the sufficiency of the bill, has been suspended by the supersedeas until this court shall pass upon the question of of its sufficiency to entitle her to any relief. The proceeding for alimony and suit money is not distinct from or independent of the sufficiency of the bill. Bishop on Marriage and Divorce, Section 423; Worden vs. Worden, 3 Edward's Chy., 387; Ballentine vs. Ballentine, 1 Halst. Chy., 471; Krause vs. Krause, 23 Wis., 354; Walling vs. Walling, 1 C. E. Green, 389; Weishaupt vs. Weishaupt, 27 Wis., 621; Wood vs. Wood, 2 Paige 108; Rose vs. Rose, 11 Paige, 166; Goldsmith vs. Goldsmith, 6 Mich., 285.

The cases relied on by Judge Phillips are: *Ex parte* King, 27 Ala., 387; Miller vs. Miller, 43 Iowa, 325; Coffee vs. Coffee, 14 Mich., 463; Moe vs. Moe, 39 Wis., 308; Reilly vs. Reilly, 60 Cal., 624; Hunter vs. Hunter, 100 Ill., 477. In the Alabama case there was an order allowing temporary alimony to be paid quarterly, and of suit money, and subsequently there was a decree of divorce *a vinculo*, in favor of the wife, "and an allowance out of the estate of the defendant," and a refer-

JUNE TERM, 1893. 407

State ex rel. Shrader v. Phillips, Circuit Judge.—Opinion of Court.

ence to ascertain the value of the husband's estate, and a further provision of the decree, "ordered that this case be retained in court for further orders." Before any report was made an appeal was taken by the husband from the decree, and pending the appeal the wife filed a petition asking that the husband be required to pay certain of the quarterly allowances as to which the husband was in default, and to pay suit money for services already rendered, and to enable her to defend the appeal. The chancellor refused the application, but the Supreme Court *on mandamus* directed him not only to entertain the application, but to grant relief in accordance with the views announced in the opinion. It is sufficient to say of this case that it does not appear there was any supersedeas, and that the retention clause of the decree is an exceptional feature in the case distinguishing it from the one before us. In the Iowa case the decree provided, *inter alia*, that in the event an appeal should be taken by the husband, he should pay a stated sum monthly until the decision of the appeal, and the Supreme Court held that as the wife, in view of a settlement made on her, was not without means, there was no ground for the allowance pending the appeal, and the allowance made for attorney's fees was reduced because it was not known that there would be an appeal, and hence an allowance for such purpose could only be made for the trial of the cause in the lower court. The Michigan case is one in which the application for an allowance for suit money in the appellate court, and temporary alimony, was made to the appellate court, and granted by that court, it refusing to consider on such application the question of the sufficiency of the bill, which had not been demurred to, but had been answered and testimony taken on the issues made by the

pleadings. Here the bill is demurred to. (Goldsmith vs. Goldsmith, 6 Mich., 285; Lake vs. Lake, 16 Nev., 363; 17 Nev., 230; Phillips vs. Phillips, 27 Wis., 252; Krause vs. Krause, 23 Wis., 354; Helden vs. Helden, 9 Wis., 557; Coad vs. Coad, 40 Wis., 392; 2 Bishop on Marriage and Divorce, Sections 393, 418.) We fail to find in the Wisconsin decision, Moe vs. Moe, cited by the respondent, anything bearing on the question of jurisdiction now before us. The California case is one in which motion was made in the appellate court for alimony and counsel fees pending an appeal from a decree of divorce, and the decision was that the jurisdiction invoked was original in its nature, whereas that court had only appellate jurisdiction, and on this ground the motion was denied. It was, however, observed in the opinion "that the power over this matter is vested in the Superior Court even pending an appeal; that the appeal did not take away its jurisdiction as the matter is not affected by the judgment appealed from (citing C. C. P., 946); and that the cause was still pending in the Superior Court for the purposes sought to be obtained by the motion. The section of the Civil Code of Procedure here referred to is not at our command, except that we find in the case of Lake vs. Lake 17 Nev., 230, 242, a statutory provision which is there stated to be similar to that of California, it being: "Whenever an appeal is perfected, as provided by the preceding sections in this chapter, it shall stay all further proceedings in the court below upon the judgment or order appealed from or upon matter embraced therein; but the court below may proceed upon any other matter included in the action not affected by the judgment or order appealed from." The Nevada court holds the California view, that the matter is not affected by the judgment appealed from, to be incorrect;

and our conclusion is the same as that reached in Nevada. We can not admit that the right to alimony or suit money is not affected by the question of the sufficiency of the bill which has been transferred to us for decision. In the Illinois case the application was to the Supreme Court "for alimony to enable her to prosecute her appeal," and the decision, as it appears in the report, is simply that it has not been the practice, at least for many years, for that court to entertain an application for alimony, but that it is left to the court from which the cause comes. The statute referred to in Jenkins vs. Jenkins, *supra*, is in all probability the basis of this decision, accounting for the absence from the opinion of all discussion of the question of jurisdiction.

We see nothing in the authorities relied on that impresses us with the correctness of the position taken by the respondent.

The demurrer will be overruled.