**HOUSTON FIRE AND CASUALTY IN-SURANCE COMPANY, a corpo-ration, Appellant,**

v.

**Reba IVENS, as Administratrix of the Estate of Harold Ivens, deceased, Klenna Ann Fletcher, as Administratrix of the Estate of John Z. N. Fletcher, deceased, and Robert C. Gobelman, as Administrator of the Estate of Earl Douglas Taylor, deceased, and N. M. Ulsch & Son, Inc., Appellees.**

No. 20792.

United States Court of Appeals Fifth Circuit.

Sept. 20, 1963.

Harry T. Gray, Jacksonville, Fla., E. Smythe Gambrell, Edward W. Killorin, Atlanta, Ga., for appellant.

John E. Mathews, Jr., George A. Pierce, Noah H. Jenerette, Jr., Jacksonville, Fla., Walter H. Beckham, Jr., Alan R. Schwartz, Miami, Fla., for appellees.

Before RIVES, BROWN and BELL, Circuit Judges.

PER CURIAM.

Houston Fire and Casualty Insurance Company (hereafter Houston) on the 22nd day of December 1960 issued its Aviation Policy No. AV–10119, insuring certain liabilities relating to a Beechcraft aircraft therein described. On a flight from Jacksonville, Florida, to Knoxville, Tennessee, on February 24, 1961, said aircraft crashed, was destroyed and resulted in fatal injuries to John Z. N. Fletcher, Earl Douglas Taylor, and to the insured Harold Ivens. Houston sought in the district court a declaratory judgment holding that its policy of insurance did not cover the claims arising from the accident on February 24, 1961. The dis-

trict court, on June 27, 1963, entered its final judgment denying any relief to Houston and, instead, granting summary judgment in favor of the defendants Reba Ivens, as Administratrix of the Estate of Harold Ivens, deceased; Klenna Ann Fletcher, as Administratrix of the Estate of John Z. N. Fletcher, deceased; and N. M. Ulsch & Son, Inc. The district court simply ordered that "summary judgment is entered herewith as to each of said defendants." Each of the defendants in its answer had prayed for affirmative relief, including the allowance of attorneys' fees and the payment by Houston of any judgment which might be rendered as a result of the injuries, deaths or damages arising out of said crash. The judgment appealed from may, therefore, be construed as granting such affirmative relief to the respective defendants. As to attorneys' fees, the court in the judgment appealed from provided:

"One or more of the defendants, by their answers, assert the right to recover reasonable attorneys' fees herein. This question is not reached nor disposed of by the present judgment. Such defendants are free to file appropriate motions for the allowance thereof and to notice hearing of such motions before the undersigned Judge."

On July 2, 1963, Houston filed in the district court its notice of appeal from the said judgment entered on the 27th day of June 1963, and on the same day filed its bond on costs on appeal.

After the appeal was taken and docketed in this Court of Appeals, the plaintiffs in the suits referred to in Houston's complaint have recovered judgments, to wit: "in state court suit No. 61–1276–L, wherein Klenna Ann Fletcher, as Administratrix of the Estate of John Z. N. Fletcher, deceased, was plaintiff, in the sum of $180,000.00 and $1,211.42, costs taxed; and in state court suit No. 61–1977–L, wherein Robert C. Gobelman as Administrator of the Estate of Earl Douglas Taylor, deceased, was plaintiff, in the amount of $10,000.00, plus $21.90 costs taxed; and that in each of said suits Writs of Garnishment have been issued and served upon this appellant, copy of each writ being attached as a part hereof as Exhibit 'A' and Exhibit 'B'."

The appellee N. M. Ulsch & Son, Inc., requests that the supersedeas bond be made in sufficient amount to include expenses expended by said appellee in the estimated amount of $3,000.00 and attorneys' fees incurred in connection with the three cases in the estimated amount of $25,000.00. The appellee Reba Ivens, as Administratrix of the Estate of Harold Ivens, deceased, requests that said supersedeas bond be made in sufficient amount to include as expenses and attorneys' fees incurred by said appellee the estimated sum of $30,000.00.

On July 23, 1963, this Court of Appeals denied the motion of Houston for a temporary restraining order and preliminary injunction restraining and enjoining the prosecution of the aforesaid civil actions for damages. The allowance of supersedeas in the present action will not, in our opinion, have the effect of enjoining further proceedings in the said state courts. See Spraul v. Louisiana, 1887, 123 U.S. 516, 8 S.Ct. 253, 31 L.Ed. 233.

Pursuant to Rule 62(d) and Rule 73(e), Fed.R.Civ.P., it is now ordered that Houston may present to the Clerk of this Court for his approval a supersedeas bond in the amount of $300,000.00 with adequate surety, payable to the appellees jointly, separately and severally, and conditioned for the satisfaction in full of the said judgment of the district court rendered on the 27th day of June 1963, together with costs, interest and damages for delay if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs, interest and damages as this Court may adjudge and award. It is further ordered that, upon the approval of such supersedeas bond by the Clerk of this Court, any further action or proceeding under the said judgment of the district court will be stayed pending this appeal.