PROSSER v. PROSSER.

1. **Divorce**: PRACTICE: ORDER FOR ALIMONY BY JUDGE IN VACATION: ORDER VOID. Under section 2226 of the Code, the authority is conferred upon the *court*, and not upon the judge, to order temporary alimony pending a suit for divorce, and a judge in vacation, upon the commencement of a suit for divorce, and before the term at which defendant is required to appear, has no power to render a judgment for temporary alimony upon application made for that purpose, even on notice to the defendant.

        *Appeal from Wapello District Court.*

THURSDAY, SEPTEMBER 18.

On the twelfth day of January, 1883, the plaintiff filed her petition against the defendant for a divorce. The original notice was personally served on the defendant on the sixteenth day of January, 1883. At the time of the filing of the petition, plaintiff filed a motion for temporary alimony, together with affidavits in support thereof. A notice of this motion was by the direction of the judge of the district court served upon the defendant at the same time that the original notice was served. The notice of the motion was to the effect that the application for temporary alimony would be heard before the judge of the district court, at the court house in Ottumwa, on the twenty-sixth day of January, 1883.

The cause was commenced for the August term, 1883, of the court, and the original notice was returnable at that term. The defendant made no appearance on the twenty-sixth day of January, 1883, and the hearing was postponed to the twenty-ninth of the same month, when the motion was submitted to the court, and on the third of February, 1883, it was ordered and adjudged that defendant pay to plaintiff the sum of $16 per month until the next August term of said court, and that he pay to her an additional sum of $50 within thirty days; and that, upon failure to pay any of said sums, execution issue to collect the same. The defendant made no appearance at any time to the motion for alimony. He appeals.

*Williams, Jacques & Adler*, for appellant.

No appearance for appellee.

ROTHROCK, CH. J.—The question presented in this case is, whether a judge in vacation, upon the commencement of a suit for divorce, and before the term at which the defendant is required to appear to the action, may render a judgment

for temporary alimony, upon an application made for that purpose.

Section 2226 of the Code provides that "the court may order either party to pay the clerk a sum of money for the separate support and maintenance of the adverse party and the children, and to enable such party to prosecute or defend the action." The power to make the order is, by this provision, conferred upon the *court*, and not upon the judge in vacation. In all cases under our laws, where a judge is authorized to make orders or exercise judicial functions in vacation, the authority is expressly conferred by statute. In some parts of the record in the case at bar, it does not appear affirmatively that the court was not in session when the order was made. But in the order it was held that the judge of the court in vacation may hear and determine the motion. Counsel for appellant claim in argument that the motion was heard and determined, and judgment rendered, in vacation, and, as the appellee does not appear and combat such claim, we adopt that construction of the record. We think the judge in vacation was not authorized by law to render the judgment appealed from.

REVERSED.