ETTA W. HAMILTON v. W. T. HAMILTON, Appellant.

Divorce: ALLOWANCE OF TEMPORARY ALIMONY. The court may enter an order for temporary alimony at any time after the filing of a petition for divorce and acquiring jurisdiction of the person of defendant.

Appearance: JURISDICTION. Appearance of defendant in an action for divorce, to object to the sufficiency of the notice and the allowance of temporary alimony, confers jurisdiction of his persons.

Same. A defendant having answered an application for temporary alimony cannot thereafter contend that his appearance was special.

*Appeal from Washington District Court.*—HON. B. W. PRESTON, Judge

MONDAY, FEBRUARY 12, 1906.

DURING the regular March, 1905, term of the district court, the plaintiff filed a petition asking a divorce from the defendant on the ground of cruelty, and further asking that she be allowed temporary alimony, and that a writ of attachment issue against the property of the defendant. This petition was presented to the court on the 16th day of March, and it was ordered that an attachment issue as prayed. On the same day, the court set the hearing for temporary alimony on the 25th day of March, with directions that the defendant be given three days' notice of such hearing. March 18th the defendant was served with notice of suit requiring him to appear and defend before noon of the second day of the September term of court following, and also with notice of the hearing of the application for temporary alimony on the 25th of March. On the 25th day of March the defendant appeared in court and filed objections to the jurisdiction of the court and to the allowance of temporary alimony, and asked that the hearing on the application be postponed until the expiration of the time for answering the main petition. The objection to the court's jurisdiction and the motion for postponement were overruled, and the hearing was then set for April 4, 1905, at which time the defendant again appeared in court and further objected to the hearing at that time. His objections were overruled. The application was heard, and temporary alimony was allowed. The defendant appeals.— *Affirmed.*

*Milton Remley* and *Eardley Bell,* for appellant.

*H. M. Eicher,* for appellee.

SHERWIN, J.— The controlling question is whether the court had jurisdiction to make the order for temporary alimony. The appellant contends that the order of the 16th of March, fixing the hearing for the 25th thereof, was a

nullity, and that the defendant could not be compelled to answer the application for temporary alimony until he was required to answer the main petition, namely, at the September term. It must be borne in mind that all of the orders were made by the court during a regular term thereof. That the court had jurisdiction of the subject-matter, cannot be questioned. Code, section 3171. And section 3177 of the Code expressly provides that temporary alimony may be awarded for the support of the party applying therefor pending the litigation, and to enable such party to prosecute or defend the action. The statute does not declare either in express terms or by implication that suit or support money shall only be allowed after answer. Indeed, it virtually declares otherwise by providing for an attachment before suit is commenced by service, and without bond. The statute clearly recognizes the fact that support and maintenance may be necessary from the very inception of the action, and we find nothing therein, or in any case that has been called to our attention, which indicates that an order for temporary support and maintenance may not be made by the court at any time after the filing of a petition, when it has jurisdiction of the subject-matter and of the person. While the case is not exactly in point, *Prosser v. Prosser,* 64 Iowa, 378, lends support to this conclusion; and see, also, *Foss v. Foss,* 100 Ill. 576; *Moe v. Moe,* 39 Wis. 308.

*1. Divorce: allowance of temporary alimony.*

If this be true, the only question remaining for consideration is whether the court had acquired jurisdiction of the person of the defendant when the order herein was made. It is true that ordinarily jurisdiction of the person is obtained by service of notice or process, but it is equally as true that such jurisdiction may be conferred by a voluntary appearance. Thus, if a plaintiff file a petition, and without the service of a notice the defendant appears and answers, the court has complete jurisdiction. Code, section 3541. And the same

*2. Appearance: jurisdiction.*

section provides that an appearance " even though specially made, . . . for any purpose connected with the cause, or for any purpose connected with the service or insufficiency of notice; and an appearance special or other, to object to the substance or service of the notice shall render any further notice unnecessary but may entitle the defendant to a continuance, if it shall appear to the court that he had not had the full timely notice required of the substantial cause of action stated in the petition." Under this provision of the statute, the appearance of the defendant to object to the sufficiency of the notice conferred jurisdiction over his person, and the court did continue the hearing in its discretion, as provided by the statute. *Moffitt v. Chicago Chronicle Co.,* 107 Iowa, 410; *Locke v. Chicago Chronicle Co.,* 107 Iowa, 394; *Lesure Lumber Co. v. Insurance Co.,* 101 Iowa, 520.

Furthermore, the defendant answered the application for alimony, and he is now in no position to contend that

3. Same.

his appearance was a special one. The court had jurisdiction of both the subject-matter and the person of the defendant, and did not abuse its discretion.

The judgment is therefore *affirmed.*