## J. W. BUMMELHART, Appellant, v. WILLIAM BOONE, EMERSON WALMER and HERBERT WALMER.

**Replevin:** VENUE: EXECUTION OF WRIT. The venue in a replevin action is properly laid in the county where the property is situated at the time of filing the petition and issuance of the writ, and where one of the defendants resides, although a codefendant may reside in another county; and the fact that subsequent to issuance of the writ the property or part thereof is removed to another county will not defeat the action, but the officer may follow the property and execute the writ in any county of the State where the property may be found.

**Actions:** GENERAL APPEARANCE: SERVICE OF NOTICE. General appearance to an action in replevin is effected by the filing of a motion assailing the writ for insufficiency of the petition and attacking plaintiff's claim to possession of the property, rendering service of an original notice unnecessary.

**Replevin:** PETITION: SUFFICIENCY. A petition in replevin alleging that the property was obtained from plaintiff by conspiracy and fraud, that one of defendants first obtained possession and transferred the property to his codefendant in perpetration of the fraud, also alleging rescission of the oral arrangement under which possession was obtained and demanding return of the property, was in conformity with the statute defining the requisites of a petition in replevin.

**Replevin:** DISMISSAL OF ACTION. Where the sheriff seized part of the property in the county in which the replevin action was properly brought, and the balance in another county to which it was removed after commencement of the action, the court erred in dismissing the action and quashing the writ, even though the seizure in the latter county might have been illegal.

*Appeal from Linn District Court.*—HON. MILO. P. SMITH, Judge.

FRIDAY, MAY 13, 1910.

A PETITION in replevin was filed in Linn County

September 11, 1908, in which plaintiff prayed for the possession for two span of mules. Upon approval of the bond, a writ of replevin was issued and the property seized by the sheriff and delivered to plaintiff's attorney. Five days later one of the defendants, Emerson Walmer, filed a motion to quash the writ, and after service of the original notice on the other, William Boone, he filed a like motion, also asking that the cause be dismissed and Walmer filed an amended and substituted motion. On leave the petition was amended, and, by agreement, the motions were to stand as though subsequently filed. The court then sustained Walmer's motion to quash, and ordered possession of the mules to be restored to him, and also sustained Boone's motion to dismiss and taxed $55 against plaintiff as Boone's expenses in attending court in the wrong county. The plaintiff appeals.—*Reversed.*

*Wade, Dutcher & Davis* and *Samuel D. Whittig,* for appellant.

*Randall, Courtney & Harding,* for appellees.

LADD, J.—The petition in replevin was filed September 11, 1908, and the writ issued on the same day. At that time, according to the amendment to the petition, and for ten or twelve hours thereafter, the two span of mules in controversy were in Linn County, and the defendant Emerson Walmer was a resident thereof. The venue then was rightly laid, even though defendant Boone was a resident of Johnson County, for section 4163 of the Code provides that such an action may be brought "in any county in which the property or some part thereof is situated."

And this conclusion is not obviated by the circumstance that one team of mules had been taken a few rods across the line between Linn and Cedar Counties after

the writ had been placed in the hands of the sheriff, though prior to its service. Section 4169 of the Code provides that: "When any of the property is removed to another county after the commencement of the action, the officer to whom the writ is issued may follow the same and execute the writ in any county of the state where the property is found. For the purpose of following the property, duplicate writs may be issued, if necessary, and served as the original." The expression, "commencement of the action," is not here employed·in a technical sense, but has reference to the issuance of the writ of replevin, as plainly appears from the section following, which authorizes the officer to follow the property and take it from any person receiving it from ̄the defendant subsequent to the issuance of the writ.

Four days subsequent to the filing of the petition, Walmer filed a motion to quash the writ. In so doing he assailed the writ because of the alleged insufficiency of the petition. The sole issue was the right of possession, and the motion directly assailed the plaintiff's claim thereto. Manifestly, then, the appearance was for a "purpose connected with the cause," and rendered the· service of an original notice on Walmer unnecessary. Section 3541, Code.

That petition, as amended, contained all the requirements of section 4163 of the Code, and alleged, in substance, that the property was obtained from plaintiff through conspiracy and fraud practiced on him by the three defendants; Boone first obtaining possession of the property and afterwards transferring the same to the Walmers in the perpetration of their fraudulent enterprise. It also alleged a rescission of the oral arrangement under which possession was obtained and a demand on Emerson Walmer and William Boone for the property. The rescission was because of the fraud alleged to have been practiced as well as of the defendant's inability to

perform, and not owing to the last alone, as assumed by counsel for appellee in argument. If possession was obtained by Boone as alleged and transferred to Walmer in the execution of a scheme to defraud, it is not perceived on what theory the action was dismissed as to the former and the writ quashed as to the latter. Even if it were to be conceded that the sheriff illegally seized the team in Cedar County, there could be no question as to his authority under the writ to take that in Linn County. In any event, the latter was in issue, and the ruling must have been based on the thought that moving to quash did not constitute an appearance to the merits in virtue of section 3541 of the Code.

As our conclusion is otherwise, the ruling on both motions are reversed, and the cause remanded for further proceedings not inconsistent ·with this opinion.—*Reversed.*