M. M. MOLSBERRY, Appellee, v. S. B. BRIGGS, Appellant.

**APPEARANCE:** Special Appearance—Failure to Announce—Effect.
1 An appearance in an action and in the court in which the action is pending will be considered a *general* appearance and will give the court jurisdiction of the defendant for all purposes connected with the case, unless announcement is made, *at the very time the appearance is made*, that such appearance is *special and for the sole purpose of attacking the jurisdiction of the court.* (Sec. 3541, Par. 4, Code Supp., 1913.)

**APPEARANCE:** Special Appearance—Motion to Set Aside Default—
2, 5 Nature of Motion—Effect. An appearance in an action, made by filing a motion to set aside a default judgment, will not be considered a *special* appearance simply because the said motion makes the claim that the court was without jurisdiction to enter the judgment. To avoid a *general* appearance and all its consequences, announcement must be made, *when the motion is filed,* that the appearance is for the sole purpose of attacking the jurisdiction of the court. It will avail nothing to make such announcement at the *hearing* on the motion, some six weeks later. (Sec. 3541, Par. 4, Code Supp., 1913.)

**COURTS:** Jurisdiction—Failure to Announce Special Appearance—
3 Effect. Even though the court has no jurisdiction of a defendant by reason of failure to make proper service, yet such jurisdiction is fully acquired by the act of the defendant in filing a motion to set aside a default judgment without announcing *at the time of filing the motion,* that his appearance is *special* and for the sole purpose of attacking the jurisdiction of the court. (Sec. 3541, Par. 4, Code Supp., 1913.)

**JUDGMENT:** By Default—Vacation—Conditions—Pleading Is-
4 suably. Vacating a default judgment may be on condition that the defendant plead by a stated time.

**APPEARANCE:** Special Appearance—Motion to Set Aside Default—
2, 5 Nature of Motion—Effect.

**JUDGMENT:** Correction—Incorrect Record as to Appearance. An
6 unsigned record, made by the clerk, reciting that an appearance

was "special," when it was, in fact, "general," is subject to correction by the court.

SALINGER, J., dissents, holding that the quantum of proof was not sufficient to justify the correction.

*Appeal from Floyd District Court.*—C. H. KELLEY, Judge.

MONDAY, MARCH 20, 1916.

REHEARING DENIED WEDNESDAY, JUNE 28, 1916.

APPEAL from the judgment of the court in setting aside a default, and from the action of the court in correcting the record made at the time the default was set aside. Defendant appeals.—*Affirmed* on both appeals.

*M. Hartness* and *Frank Lingenfelder,* for appellant.

*J. C. Campbell,* for appellee.

GAYNOR, J.—On the 6th day of November, 1913, the plaintiff filed his petition in the district court of Floyd County, Iowa, claiming of the defendant the sum of $212 for board, lodging and washing furnished defend-

1. APPEARANCE: special appearance: failure to announce: effect.

ant and his children. On the same day, the plaintiff caused to be prepared and delivered to the sheriff an original notice of the commencement of the action in due form and duly signed, with directions to serve the same upon the defendant. On the same day, the sheriff to whom notice was delivered served the same upon the defendant personally in Charles City Township in said county, the notice and return being in the following language:

"M. M. Molsberry, Plaintiff, v. S. B. Briggs, Defendant.

"In the District Court of the State of Iowa in and for Floyd County, December Term, A. D. 1913.

"To Said Defendant: You are hereby notified that there is now on file in the office of the clerk of the district court

of Floyd County, Iowa, the petition of the plaintiff aforesaid, claiming of you the sum of $212 and interest at 6 per cent from the 1st day of February, A. D. 1909, as money justly due for board, washing, lodging, nursing, etc., furnished yourself, wife and children from October 1, 1908, to February 1, 1909. You are also notified that unless you appear thereto and defend before noon of the second day of the term of said district court of said Floyd County, to be commenced at the courthouse in Charles City, on the 1st day of December, A. D. 1913, default will be entered against you and judgment rendered thereon.

"J. C. Campbell, Attorney for Plaintiff.

"State of Iowa, Floyd County.—ss.

"I do hereby certify that on the 6th day of November, 1913, I served the within notice on S. B. Briggs personally in Charles City Township, Floyd County, Iowa, by reading the same to him and delivering to him a true copy thereof.

"H. D. White, Sheriff of Floyd County, Iowa.

"J. C. Campbell, Attorney for Appellee."

Said notice and return were duly filed with the clerk of said court on the 7th day of November, 1913. On the 7th day of January, 1914, being the January, 1914, term of said court, there being no appearance for defendant, plaintiff took default against the defendant. On the 14th day of January, 1914, the defendant appeared by his attorney, F. Lingenfelder, filed in said court a motion to set aside the default so entered, and based said motion and right upon the alleged fact that a copy of the original notice, delivered to him by the defendant at the time of the alleged service, was not signed, and was not, therefore, a true copy of the original notice as required by law, the motion being in the following words:

"Comes now the defendant and moves the court to set aside the default granted to the plaintiff in the above entitled

case, and as grounds therefor submits the following affidavit."

This motion was signed, "Frank Lingenfelder, Attorney for the Defendant." The affidavit attached to the motion is signed by defendant and is to the effect that no notice of the pendency of the suit was ever served upon him, as required by law, and that default and judgment are void and of no force and effect for that reason; that a pretended notice of the pendency of the action was served upon him, and that a copy was given him. A copy is set out, which appears not to be signed by anyone. The copy is an exact copy of the original notice, except that it has not the signature of the plaintiff or his attorney attached. The plaintiff filed a resistance to this motion. The court, however, on the 7th day of March, 1914, sustained defendant's motion. In the order, it is recited by the court, F. Lingenfelder appearing for the defendant:

"It is further ordered and adjudged by the court that the default entered against the defendant be and the same is hereby set aside, providing that defendant files an answer in the cause by the second day of the next term of the court."

On the 2d day of May, 1914, the defendant perfected an appeal from the order and judgment of the court so made, and complains: (1) That the court had no jurisdiction to enter a default against the defendant in the case, for the reason that there was no notice of the action served upon the defendant; (2) that the court had no jurisdiction of the defendant in said action, for the reason that there was no notice served upon defendant, as required by law, at the beginning of the action. The special complaint of the action of the court seems to be that the motion to set aside the default should have been "granted unconditionally; that, inasmuch as the service of the notice was" insufficient, the defendant was not in court; that the appearance of Lingenfelder for him was a special appearance, and for the purpose only of having the default set aside; that this gave the court no jurisdiction over the defendant except for the purposes

of the motion, because of the want of service of notice; that it was error for the court to attach the condition that the defendant plead issuably by the second day of the next term; that, when the court found that there was insufficient service of notice to bring the defendant before him (the appearance of Lingenfelder being special and for the purpose only of having the default set aside upon insufficient notice), there was no jurisdiction in the court over the defendant to make any order affecting defendant's rights, or to require him to plead issuably.    Defendant relies upon the provisions of Section 3541 of the Code Supplement of 1913, which reads as follows:

''The mode of appearance may be: (1) by delivering to the plaintiff or the clerk of the court a memorandum in writing to the effect that the defendant appears, signed either by the defendant in person or his attorney, dated the day of its delivery and filed in the case; (2) by entering an appearance in the appearance docket or judge's calendar, or by announcing to the court an appearance which shall be entered of record; (3) by taking part either personally or by attorney in the trial of the case; (4) any defendant may appear specially for the sole purpose of attacking the jurisdiction of the court.    Such special appearance shall be announced at the time it is made and shall limit the party to jurisdictional matters only and shall give him no right to plead to the merits of the case.''

The contention of Attorney Lingenfelder is that *he* appeared specially for the defendant, and for the sole purpose of attacking the jurisdiction of the court; that by such appearance the court obtained no jurisdiction of the *defendant,* other than that involved in the motion to set aside the default for want of jurisdiction; that the defendant was not in court for any other purpose; and that, this purpose being accomplished, the court had no further jurisdiction over the defendant to order him to plead issuably, or otherwise.    The

defendant cannot well complain of the action of the court in setting aside the default. That was just what he asked for. The only complaint available to defendant is that the court exceeded its jurisdiction in requiring the defendant to *plead issuably* on the second day of the next term of the court. This appeal rests, we think, upon the sole claim that the appearance of the defendant by Lingenfelder, with this motion to set aside the default, was a special appearance, made under the fourth division of Section 3541, Code Supplement, 1913.

It will be noted that the motion to set aside the default was filed on the 14th day of January, 1914; that in this motion there was nothing to indicate that the appearance of the defendant by Lingenfelder was special. Nor is it claimed that, at the time this motion was filed, Lingenfelder announced in any way, by writing or otherwise, that his appearance was other than general. All that the record discloses, touching the filing of the motion, is that, on the 14th day of January, 1914, this motion, hereinbefore set out, was filed, asking that the default be set aside. No further appearance was made by the defendant, or anyone for him, until the 7th day of March, following. There is nothing in the record to show, and there is no claim by defendant, that he filed anything to indicate that his appearance was not general, other than the motion itself indicates. In *Conklin v. Johnson*, 34 Iowa 266, it was held that the filing of a motion in an action is, in effect, an appearance, not only in the action but in the court in which the action is pending. By the filing of the motion, therefore, the defendant appeared in this action and also in the court in which the action was pending. All appearances are presumed to be general and give the court jurisdiction of the defendant for all purposes connected with the case. An appearance, however, may be specially to object to the jurisdiction of the court, and, when so limited, the court acquires jurisdiction of the defendant only for the purposes of the motion. Subdivision 4, Section 3541, Code Supplement of 1913, provides:

"Any defendant may appear specially for the sole purpose of attacking the jurisdiction of the court. *Such special appearance shall be announced at the time it is made* and shall limit the party to jurisdictional matters only and shall give him no right to plead to the merits of the case."

To be special, the appearance must be announced at the time the appearance is made. An announcement made subsequently is wholly ineffectual to limit the character of the appearance. If not announced at the time the appearance is made, the party must be held to have made a general appearance at the time.

It is claimed, however, by the defendant, that the motion itself indicates that the appearance was special; that the character of the motion indicates that; that all the relief he asked was that the court set aside the default

2. APPEARANCE: special appearance: motion to set aside default: nature of motion: effect.

for want of jurisdiction; that he filed no affidavit of merit, and therefore it is claimed that the motion itself would have advised the court that the appearance was special. This, however, does not save the matter; for the statute reads that special appearance shall be announced at the *time it is made.* This was not done, and the matter cannot be left to speculation.

It is said that the court had no jurisdiction to enter default, by reason of the want of service. This fact the court recognized, and set aside the default. It is claimed that, having set aside the default, the juris-

3. COURTS: jurisdiction: failure to announce special appearance: effect.

diction ended, and the court had no authority to make further order touching the defendant. This would be true if the appearance was special and for that purpose alone, but where the appearance is general—where a special appearance has not been announced at the time the appearance is made—this contention would not be true. Reliance is had upon what is said by this court in *Boals v. Shules,* 29 Iowa 507. In this case, it is said:

"The appearance, if any, was made after the default was entered, and for the purpose of pointing out to the court the error in its proceeding. This, in our opinion, is not such an appearance to the action as will cure the *defect resulting from the unauthorized act of the court in entering the default*. A judgment or order entered without authority may certainly be corrected, at the proper time and in the proper manner, upon the application of the party aggrieved. It can hardly be claimed that by making the objection he cures the very defect complained of. It is a very different case from a party appearing to object to insufficient notice. In such a case it is held that the notice, by bringing the party into court, has served its proper office, and the party, being in court, is held to answer. In this case, the party did not appear before the default was entered. The notice being insufficient, and no appearance being entered for defendant, the default was not properly taken, and was objected to in a proper manner by defendants' attorneys." See *Hoitt v. Skinner*, 99 Iowa 360.

The *Boals* case, supra, was decided under the provisions of Section 2840 of the Revision of 1860, which reads as follows:

"The mode of appearance may be: . . . 3. By an appearance, even though specially made, by himself or his attorney, for any purpose connected with the cause; or for any purpose connected with the service, or insufficiency of the notice. And an appearance, special or other, to object to the substance or service of the notice, shall render any further notice unnecessary, but may entitle the defendant to a continuance," etc.

The appearance in the *Boals* case was not made until after default had been entered. The contention of the plaintiff was that, by appearing, the defendant waived any defect in the notice, and therefore the default ought not to be set aside. The contention of the defendant was that, the notice being defective and insufficient to justify the entering of the

default, the default was improvidently entered, and without jurisdiction of the defendant at that time to enter default. The court did not hold, nor could it hold in the face of the above statute, that the appearance did not confer jurisdiction upon the court in the further proceeding of the cause. The right to have the default set aside was complete, and, under that statute, the defendant was in court for all purposes connected with the case, so far as the future was concerned, and the language used must be construed in the light of the statute as it then was. At the time the case of *Hoitt v. Skinner,* supra, was decided, the statute was substantially the same in this respect as Section 2840 of the Revision of 1860, and the holding must be read and understood in the light of that statute. In *Conklin v. Johnson,* 34 Iowa 266, the court had occasion to pass upon Section 2840 of the Revision. It said:

"One of the methods of making an appearance in court is by delivering to the clerk or the plaintiff a memorandum to the effect that the defendant appears. The paper filed need not in terms state that the defendant appears. If he files an answer or a demurrer or a motion in the action, the effect is that he appears. . . . When a defendant is served with an original notice in the manner provided by the statute, he is deemed 'in court.' Without being thus served, he will be deemed in court to all intents and purposes, as if duly served with notice, by filing in the clerk's office an answer, demurrer, or motion."

These holdings were made under a statute which provided that an appearance, whether special or general, in the cause, gave the court jurisdiction over the defendant, without further notice. The statute now is that an appearance by the defendant, specially made to object to the jurisdiction of the court, made known or announced at the time the appearance is entered, does not render further notice unnecessary, if the notice previously served is insufficient to give jurisdiction. In this case, we are not now dealing with special appearance, but with a general appearance, because that is

the record as it now stands. As further construing this statute, Section 2840 of the Revision, and Section 3541 of the Code of 1897, see *Hamilton v. Hamilton,* 129 Iowa 628; *Blondel v. Ohlman,* 132 Iowa 257; *Bummelhart v. Boone,* 147 Iowa 390; *Zabron v. Cunard Steamship Line,* 151 Iowa 345. For earlier cases, see *Marquardt v. Thompson,* 78 Iowa 158.

The rule seems to be that, where the court has jurisdiction of the subject matter, and default has been entered on insufficient notice, the defendant may appear and have the default set aside; but thereafter, for all purposes of the case, he is in court. By his appearance, no further notice is necessary to accomplish the very purpose for which a notice might be served. When one voluntarily appears for any purpose connected with the case, the purpose and object of the notice is accomplished; and hence, further notice of the fact that a suit is pending becomes wholly unnecessary. Where the court has jurisdiction of the subject matter, and all that is necessary in order to enable the court to proceed is that it have jurisdiction of the defendant, any appearance connected with the case makes the jurisdiction complete—both subject-matter and person. This is the holding under the law as it appeared in the Revision of 1860, and under the law as it appears in Section 3541 of the Code of 1897, and up to the time of the passage of Chapter 162 of the Laws of the Thirty-fourth General Assembly, Section 3541 of the Code Supplement of 1913. This was the first provision of the statute authorizing a defendant to appear specially in a pending cause over which the court had jurisdiction, without conferring jurisdiction over the person of the defendant, further than is involved in the special appearance. This statute does not change the law of general appearance. To have an advantage of a special appearance, and by it to limit the jurisdiction of the court, the statute expressly provides that the purpose to appear specially must be announced at the time the appearance is made. From this, it is apparent that,.

unless the special appearance is made in the way provided
by the statute and announced at the time it is made, the law
governing appearances generally must govern his relationship
to the case thereafter.

We find, therefore, that the filing of the motion was an
appearance; that there was no announcement made by the
defendant, or Lingenfelder appearing for the defendant, that
they made or intended to make a special
appearance in the case. Therefore the
appearance was general and subjected the
defendant to the jurisdiction of the court,
and the court rightly made the order requiring the defendant
to specially plead at the time stated. The cause must,
therefore, be affirmed on defendant's appeal.

4. JUDGMENT: by
default: vaca-
tion: condi-
tions: plead-
ing issuably.

This brings us to a further consideration of defendant's
appeal. It appears that, after the second day of the next
term following the one in which the default was set aside,
the defendant having failed to comply with
the order of the court made at the time of
setting aside the default, requiring him to
plead issuably, the plaintiff appeared and
again took default for want of an answer.

5. APPEARANCE:
special appear-
ance: motion to
set aside de-
fault: nature
of motion: ef-
fect.

The record shows that, on the 2d day of April (being a
continuation of the March term, Judge Edwards presiding),
the following entry was made: "Notice personal on defend-
ant. Proof on file. Default for want of answer." On the
2d day of May, the following entry appears: "Trial to the
court. Judgment for the plaintiff for $212 and costs, interest
at 6 per cent from this date." The second entry was made
by Judge Kelley. No appeal from this judgment is before
us. While this first appeal was pending, and after the last
judgment had been entered, on May 2, 1914, plaintiff, on the
11th day of December, 1914, filed a motion to correct the
entry made at the time the original default was set aside.
This motion was in the following words:

"Comes now the plaintiff in the above entitled cause

and shows to the court as follows: That on the 7th day of March, 1914, an order was made by this court on defendant's motion, filed herein on the 14th day of January, A. D. 1914, asking the court to set aside the default entered against him on the 7th day of January, A. D. 1914, which order of this court set aside the said default against defendant and required him to file an answer therein by the second day of the next term of this court. That the clerk of this court, in making up the record of said order of this court made on the 7th day of March, A. D. 1914, and found in book 'O' of the records of this court, on page 485 thereof, stated in said record that F. Lingenfelder appeared for the defendant *for the purpose of said motion only*. That in truth and in fact the said F. Lingenfelder entered a general appearance in said cause at the January, 1914, term of this court, as shown by the judge's calendar and the record in this case, and that no special appearance was entered by said attorney for the purpose of said motion, and that the record of the clerk of this court with reference thereto is an error and evident mistake on his part, and the said record of said order setting aside said default is not correct, in so far as it states that F. Lingenfelder appears for the defendant herein for the purpose of said motion only, and the said record should be corrected to show the general appearance of said F. Lingenfelder for the defendant in this cause. Wherefore, the plaintiff asks that the court make an order herein directing the clerk of this court to correct the record in this cause, appearing in Record 'O' on page 485 of the record of this court, to show the appearance of F. Lingenfelder to be a general appearance and not a special appearance or an appearance for the purpose of said motion only, as the said record now shows. That the said record has not been signed or approved by the presiding judge at said term of court, who was the Honorable C. H. Kelley, nor has said record been yet approved or signed by the said judge, or any other judge, and the same has never been approved or signed by any judge of this court. That a copy

of the record as appears in Book 'O' on page 485 of the District Court Records is as follows:

" 'And now on this 7th day of March, A. D. 1914, it being the 27th day of the January, 1914, term of this court, this cause comes on to be heard on defendant's motion, filed herein on the 14th day of January, A. D. 1914, for an order of court setting aside the default entered herein against the defendant on the third day of this term of court, F. Lingenfelder appearing for the defendant for the purposes of this motion, J. C. Campbell appearing for the plaintiff.'

"This plaintiff states that in truth and in fact said F. Lingenfelder appeared generally in said cause, and did not appear especially 'for the purposes of this motion,' and that the record of the said court is incorrect in that respect, and that the words, 'for the purposes of this motion' should be expunged from the record, to the end that the said record will correctly show the proceedings had and done. This plaintiff further amends the prayer of the said motion by adding thereto the following: That the words 'for the purposes of this motion' be stricken and expunged from the record, and that the clerk be so ordered, to the end that the said record may correctly record the proceedings had and done at said time and place."

To this motion, the defendant filed objection, alleging that the record complained of is correct; that it has been signed by the judge of the court; and in support of such motion submitted certain affidavits. The affidavit of F. Lingenfelder recites that he was present in court at the time the motion to set aside the *default was considered by the court;* that he presented the motion *to the court;* that there was present at said time one S. C. Moore; that no other attorney was present; that, at the time the *motion* to set aside the default was *submitted,* he appeared specially for the defendant and only for the purpose of setting aside the default and for no other purpose, and he announced this fact to the court. To satisfy the court that he had a right to appear specially,

he called for the Acts of the Thirty-fourth General Assembly and requested S. C. Moore to get it for him, which accordingly was done, and he *especially announced* to the court, *after getting said session laws,* that he appeared in the cause for no other purpose except to set aside the default, and that he appeared under and by virtue of the provisions of Chapter 162 of said session laws; that the clerk entered his appearance in accordance with his suggestions, and the entry therein made is true; that his appearance was not entered upon the judge's calendar at said time, or placed by the court or judge or clerk thereon, either general or special; that the clerk made the record as it now appears according to the announcement of the finding at the time and in accordance with the fact.

S. C. Moore filed an affidavit to the effect that he was present in the court room at the time the default was set aside; that he distinctly remembers that Mr. Lingenfelder announced to the court that he was making a special appearance in some case then pending in the court, and that he procured for Lingenfelder the Acts of the Thirty-fourth General Assembly, and passed them up to the court, after reading Chapter 162; that he has examined the records and finds that Lingenfelder did not appear either generally or specially on that day in any other case.

F. M. Graham, clerk of the court, testified that he prepared the record reciting that Lingenfelder appeared for the purpose of the motion only; says that there was nothing in the entry by the court to warrant that statement, but he concluded that the appearance was special; that the entry of the court does not show the fact recited, but simply the ruling of the court on the motion. He says he does not know personally whether Lingenfelder appeared generally, or for the purpose of the motion only. There was no appearance of any kind entered on the record; and the judge's calendar from which he made the entry in the case in question reads as follows: "Service personal as per proof on file. Default."

The judge's entry upon the motion to set aside the default reads:

"Defendant's motion to set aside default is sustained, upon condition that the defendant file answer by the second day of the next term. All parties except. Continued."

It was admitted by both parties that the record in controversy had not been signed by the judge at the time of this hearing. The clerk further testified:

"I do not remember what produced the impression on my mind that Mr. Lingenfelder appeared specially. I don't remember that I was present in court when he announced that fact."

Lingenfelder further testified:

"I especially intended at all times not to enter a general appearance, because I purposely let them prove up, take default and enter judgment, because I intended at all times, in case the judgment was entered, to appeal from it, after filing a special motion to set it aside. I talked it over with Mr. Hartness in my office and it was planned to let the plaintiff take default and then to enter a special motion to set aside the default, and it was talked over with that intent. . . . The intent was at all times to do the thing just as the record shows, and the motion itself is only filed for the purpose to set aside the default. This was done at the special suggestion of Mr. Hartness, who originally had charge of the case. Mr. Hartness discovered that the original notice in this case was unsigned by the attorney for the plaintiff and called my attention to it, and I filed the motion at his suggestion, after talking it over."

The clerk of the court testifies that he does not remember that he was present at the time the ruling was made upon the motion to set aside the default; that he has no knowledge now of why he concluded that Lingenfelder's appearance was special, except that he inferred that he would appear specially on a motion of that kind. Upon the motion and resistance so filed, the judge, after considering the matter, found

specially that the defendant's appearance by Lingenfelder was general and not special. The finding of the court on this point is:

"At the time this motion was passed upon, I was of the opinion, from an examination of the motion itself and from the situation as known to me, that the defendant did not enter a special appearance in fact, but that his appearance was general; hence that the defendant was in court for all purposes. Upon further consideration of the same question at this time, I am still of the opinion that the defendant's appearance was general and that the clerk had no authority of the court, authorizing him to state in the record that Mr. Lingenfelder's appearance was special. In view of this situation, I reach the conclusion that the record, as it now appears, is erroneous, and that same should be corrected, as requested by the plaintiff, and the clerk is hereby directed to correct same accordingly. . . . It occurs to me that the question is one of fact as to whether or not the appearance is general or special, and not as to what the law is upon the record."

An order was accordingly made expunging from the record the words, "for the purposes of this motion," and the clerk directed to reform the record and make it read, "F. Lingenfelder appeared for the defendant," without further limitation upon the appearance. From this order, the defendant appeals, and complains of the action of the court in so correcting the record as to make it appear that the appearance of the defendant was not special. The jurisdiction of the court to correct the record is not challenged. The only controversy on this appeal is over the sufficiency of the evidence to justify the correction. Defendant's first appeal to this court was based upon the thought that the appearance in the case was special; that the court acquired jurisdiction only for the purposes of the motion; that, that being accomplished, the jurisdiction of the court over the defendant ended, and the court had no authority to order the defendant to plead issuably at any time thereafter.

It will be noted that, in the objections filed by the defendant to the motion of plaintiff to have the record corrected, the defendant submits an affidavit by Lingenfelder. This affidavit recites that Lingenfelder was present in court at the time the motion to set aside the default was considered by the court; that, at the time the motion to set aside the default was submitted, he (Lingenfelder) appeared specially for the defendant; that, at that time, he announced the fact to the court that he appeared specially for the defendant; that he specially announced to the court at that time, and after getting the session laws to convince the court, that he appeared specially to the motion, and that he appeared under the provisions of Chapter 162 of the Laws of the Thirty-fourth General Assembly, and that the court then entered his appearance in accordance with his suggestions. The appearance was entered by the clerk on the 7th day of March, about six weeks after the motion was filed, and at the time the motion was considered by the court.

The real question in controversy here was not whether Lingenfelder appeared specially at the time the motion was considered by the court, but whether the appearance of the defendant in the case was special at the time of filing the motion. If the defendant had already appeared in the court, as we hold he did, at the time of the filing of the motion on the 14th day of January, the appearance of Lingenfelder on the 7th day of March, even though he announced it to be a special appearance for the purposes of the motion, would not change the character of the original appearance. For the purposes of this case, it may be conceded that Lingenfelder announced on the 7th day of March that he appeared for defendant specially, and still the case is not relieved of the embarrassment in which the defendant is found because of the general appearance made on the 14th day of January. The motion to correct the record was made for the purpose of having the court determine and enter of record what character of appearance the defendant had made in the case, and

the court found that that appearance was general and was not rendered special because of the attempted special appearance of Lingenfelder subsequently on the 7th day of March, and directed the clerk to make the record show that fact.

It is claimed, however, that the evidence is insufficient to justify the court in doing this. We ·have in the record that negative testimony—which amounts to positive testimony—that the only appearance claimed by Ling-

**6. JUDGMENT: correction: incorrect record as to appearance.** enfelder to have been special, and announced as special, is that made on the 7th day of March, six weeks after the motion ,had been filed. We are satisfied that this is the only time ·that the defendant, through his attorney, indicated to the court, or attempted to make the record in any way indicate, the character of his appearance, and that the entry made by the clerk on the 7th day of March, that he appeared specially for the motion, does not change the character of the original appearance, this entry having been made of a date long subsequent to the filing of the motion; and, even though correctly made by the clerk, as indicating an appearance of that date, was rightly corrected by the court, for the reason that, as so written, it was made to speak a fact which was not true as disclosed by the whole record, and the court did not err in ordering so much of the record expunged as made a false statement of fact touching the appearance of the defendant. Upon both appeals, we think the case ought to be—*Affirmed.*

DEEMER, LADD, WEAVER and PRESTON, JJ., concur.

SALINGER, J. (dissenting).—Defendant was served with a notice which conferred no jurisdiction. He filed and the court sustained a motion to set aside default against him. The calendar notes are silent on whether the appearance by and to the motion was general or special, but the record of it recites that the appearance was special. The ruling ordered pleading by a stated time. There being no compliance, a second default was entered, and is here on this appeal. Pend-

ing this appeal, plaintiff had the entry corrected to show that the appearance was general. This ruling is also here on appeal. The majority indulges in labored play upon words, but finally concedes that, if the correction appealed from is not warranted, then it was error to enter the second default. While it does this, it proceeds to forget that we have for consideration whether the correction should have been made, and it deals with the two appeals as if the only question were whether the appearance of defendant was, in fact, special. It affirms, because *appellant* has not shown that such was the appearance, nor shown that it was right to make the record what it originally was. This, in my opinion, is a false issue. If the trial court erred in correcting the record, appellant needs no evidence. The record originally made is, so long as it stands, conclusive evidence that the appearance was special. Upon such appearance, the court had no jurisdiction to order defendant to plead, and, hence, no power to default him for not obeying such order. The true inquiry is, then, whether the evidence warranted the correction. On the hearing to correct, this was the evidence:

1. The judge's calendar is silent as to the nature of the appearance made.

2. Counsel for defendant says, without dispute, that the clerk made the entry according to counsel's suggestion, and according to the truth, and in accordance with the "finding" of the court. This, unlike announcing special appearance on the hearing, is not a reliance on something done on the hearing, and therefore done too late. It is evidence that, at the time of the hearing, it was true; and the court then announced that whatever was essential to special appearance, time of doing it included, had been done,—not of what was done at the time of the hearing, but binding declaration then made, as to what had been done earlier.

3. The clerk found nothing in the calendar notes to warrant or forbid the entry the clerk made; while he did not at the time of the hearing recollect why he made the entry

as it was made, he does know that something made him conclude that he should make such entry as he did make. At the worst, this does not exclude that, at a time earlier than the hearing, he was told that the appearance was special; nor that he was influenced by an announcement of the judge at the hearing, that the appearance was special.

4. There is a presumption that he made the entry because it was his duty to make it as it was made, i. e., that facts existed which required that such entry be made.

5. Concede, "there is nothing in the record showing, and there is no claim by defendant, that he filed anything to indicate, other than the motion, that his appearance was other than general"—yet that does make some evidence of special appearance. When a motion is made, grounded upon a total lack of jurisdiction to enter a default which such motion seeks to set aside, the filing thereof is of itself a claim of limited appearance, unless we are to presume that men deliberately take trouble to accomplish nothing, or to get that done to which they object and which they are attacking. If defendant made general appearance, all he could achieve was an opportunity to make defense upon a notice served which gave no jurisdiction. That being the purpose of the motion, why bother about suffering a default and setting it aside merely to get what he could have had by appearing upon the void notice, and having trial on jurisdiction conferred by such voluntary appearance? I think it is evident that the very nature of the motion and the situation to which it is addressed constitute a special appearance.

Waving aside all put in by the movant and the presumption raised by the circumstances in which the motion was filed, and there remains that, though the calendar is silent, the clerk knew that which influenced him to make the entry, has forgotten what that was, and the presumption that he did his duty. To be sure, with part of it eliminated, the evidence fails to show more, affirmatively, than that appellant announced a special appearance at the hearing,

which, of course, is not an announcement at a time earlier than the hearing. But, at least, the correction should not be upheld unless the record shows that appellee furnished enough evidence to demand the correction. He filed a motion charging that the entry was unauthorized and untrue, and that it was due to "an evident mistake on the part of the clerk." He is not helped because the evidence opposed to his claim is weak. If defendant had remained silent and made no claim that he ever announced the character of his appearance, that would have made no proof for plaintiff. No more is he helped by a claim which is insufficient. If defendant does not suffer from total lack of assertion, neither is he injured by ineffective assertion. The utmost appellant has done is to show that all the evidence falls short of being affirmative proof that the entry corrected was warranted. But without affirmative proof that it was unwarranted, presumption establishes that same was rightfully made, and the result is, to block inquiry into whether or no a special appearance was made.

This appeal is decided precisely as if the trial court had merely ruled that the default be set aside, and that defendant pleaded issuably—had said nothing about there having been a special appearance; as if the only complaint were of the order requiring the pleading, and urging only that that order was erroneous because the appearance of defendant had, in fact, been special. The majority deals with the two appeals as if there never had been such a record made or corrected. The issue is dealt with as if it were the question, unembarrassed by any record reciting a special appearance, whether a special appearance had in fact been made, and whether defendant had failed to prove that there had been. And it affirms because the evidence is too weak to prove that there was such appearance—perhaps, also, by holding that it is too weak to prove that it was proper to make the record which recites special appearance; because

calendar notes are silent; and because the lack of memory of the clerk prevents the making out an affirmative case for the right to make the entry as it stood before it was corrected.

The object of records is to make the world independent of memory. We said in *Case v. Plato,* 54 Iowa, at 67, that the record book is the thing "to which appeal must always be made to determine what has been done," and that "the theory of the law is that it is kept under the direction and supervision of the judge, is approved by him, and constitutes the only proof of his acts." In *Callanan v. Votruba,* 104 Iowa 672, we approve of a statement in *Balm v. Nunn,* 63 Iowa 641, that what was adjudged "cannot exist in the memory of the officers of the court, nor in the memoranda entered upon the books not intended to preserve the record of judgments."

The appellee charged that an entry, regular on its face, was unauthorized and untrue, and that this was due to "an evident mistake on part of the clerk." The question below was whether appellee had proven his claim. While, on appeal from this correction, the burden is on appellant to prove that the correction is not justified by the evidence, that does not require him to show that the original entry was rightfully made. It is presumed that it was. He who asserts the contrary has the burden on that affirmation. While, as said, technically he has the burden of showing that the correction of the entry is unwarranted, he discharges that burden when he shows on the appeal from the correction that appellee has failed to prove by sufficient evidence that the correction is required.

The question is not whether the record here discloses a weak case for making said recital, and weak proof that the appearance was in fact special, but whether *appellee* has made a sufficiently strong showing to sustain the cancellation of that recital. The point made for affirmance is that *appellant* has failed to show strongly that said recital was warranted in the first instance. This, as said, is a false issue.

Appellant keeps that recital, and thus forecloses inquiry into the propriety of making such recital of record unless appellee has made out that the correcting of such record was warranted.

2.

In *Hamill v. Joseph Schlitz Brewing Co.*, 165 Iowa 266, we reverse the correction of a record. We confess that the witnesses are equally credible (279, 282 bottom, 283, top). Three of them swore that the record did not, at a stated time, contain the signature of the trial judge, and that they made examination at the time with a view to raising the point. Two swore that, when this claim was made, a year later, they then recollected that the signature was present a year ago. We reversed because the record was corrected in accordance with the testimony of the three—not only a preponderance in numbers, but because they spoke of what they had found on an examination and preserved for use, while the two gave a general remembrance existing a year later than the point of time covered by the inquiry. We justify thus going contrary to the action below and the preponderance of credible evidence by urging the degree of proof required. We say:

"The authority of the court to remake a record once entered by the proper officer . . . is not unlimited. On the contrary, it is very restricted. . . . The statute permitting the correction of a court record made at a previous term limits the authority to cases of 'evident mistake;' not possible mistake or even probable mistake, but *evident* mistake. That only is 'evident' which is clear, noticeable, apparent to observation, or, to put it in its most favorable form for the appellee, that which is clearly established by the evidence. It would be folly to say that this alleged mistake was evident, or that it has been clearly established by the evidence offered on the hearing below." (285)

There is not involved, or should not be, who is the litigant. The party who had the correction reversed in *Hamill's*

case should not be permitted to claim more for the sanctity of records than the one who opposes a correction of a record in this case. There is no differentiation to be made in the order appealed from. The correction in *Hamill's* case, the act of the Greene district court, is no less sacred than a correction made by the Floyd district court—the act appealed from here.

I write this protest because I will sit silent in no case when I learn that our decisions are applied in one case while not applied in another like it—when fish is made of one suitor and flesh of another. In this I do not speak for slavish adherence to mere precedent, but for that equality that the law owes to all. If one correction of a record is to be reversed, though supported by a strong preponderance, because a mistake established merely by a preponderance is not an "evident" mistake, and if another correction is to be affirmed without even a preponderance of the testimony in favor of the litigant who asserts the mistake, and if in this case a correction is to be affirmed without reference to the rule in *Hamill's* case, or even an attempt to distinguish that case, litigants no longer appeal to the law, but to the caprice of judges. It means that the question of whether a correction shall be sustained is to be disposed of on general principles in accordance with how some judge happens to feel. I confess that, for myself, I am afraid to be trusted with power so unregulated and absolute as this. It is no longer a determination by rule what the effect of a particular piece of evidence is, but what effect it shall be given for A and what effect it shall be given for B.

I find no fault with the rule in *Hamill's* case, but can see no reason why the burden in that case should be discharged by one quantum, and a lesser suffice in this case—why a correction of a record should be treated as flint on one appeal, and brittle glass on another. To indulge in this is the most effective way to build up a judicial despotism. We cannot better impress the people with the dignity and power

of the judiciary than by, ourselves, yielding respect to the law and applying it, let the parties or the consequences be what they may.   I would reverse.