FREDERICK W. WALSMITH, Relator, v. D. V. JACKSON, Judge, Respondent.

**DIVORCE:** Alimony—Jurisdiction Prior to Return Day. Jurisdiction
1  to order temporary alimony does not exist prior to the return day specified in the original notice, unless the defendant enters a *general* appearance.

**CERTIORARI:** When Writ Lies—Premature Order. Certiorari will
2  not lie to set aside a *premature* order when, at the time of the application for the writ, the court has full jurisdiction to confirm or set aside said order.

*Certiorari to Muscatine District Court.*—D. V. JACKSON, Judge.

MARCH 17, 1923.

PROCEEDING in certiorari to review the action of the district court of Iowa, (D. V. Jackson, judge presiding) in and for Muscatine County in entering an order for temporary alimony prior to the return day to which the defendant was noticed and held to appear. Writ discharged and the petition dismissed.

*A. J. Walsmith* and *McCoy & McCoy,* for relator.

*Thompson & Thompson,* for respondent.

DE GRAFF, J.—The chronology of this case involves the following events. On October 2, 1922 relator's wife filed her petition for divorce against the relator herein. On October 3, 1922 she filed her application for temporary alimony and suit money including attorney's fees. On October 4, 1922 the relator was served with an original notice in said action to appear at the next regular term of court commencing on the 14th day of November, 1922. In a separate paragraph of the original notice these words are found: ''You are further notified that the application of plaintiff for temporary alimony, attorney's fees, and suit money as set forth in her petition now on file will come on for hearing, trial, judgment, and decree of this court aforesaid at 2 o'clock P. M. on the 10th day of October, 1922.''

*1. DIVORCE: alimony: jurisdiction prior to return day.*

On October 10, 1922 the relator entered his special appearance in conformity to Paragraph 4 of Section 3541 of the Code Supplement 1913 for the sole purpose of objecting to and attacking the jurisdiction of the court to grant the prayer of the application to which the quoted notice referred. Upon the hearing the trial court disregarded the special appearance and entered an order and judgment as prayed in the application.

Question stated: May temporary alimony or suit money *pendente lite* be allowed prior to the return day as noticed in the summons served on the defendant in the action?

The summons or notice for the appearance of the defendant (relator herein) was not returnable until the next term of court, and unless the defendant by answer or voluntary appearance before said time placed himself under the jurisdiction of the court the application and the entering of a judgment thereon were premature. The district court had no jurisdiction of the defendant until the return day of the summons and until that time was without power to enter personal judgment against him. A defendant in a divorce action is no more in court before the return day of the notice than in any other civil action or proceeding. In the absence of a statute to the contrary he is no more in court than if he had not been served with notice, and a judgment against a party who has not been served with notice is *coram non judice* and void. A judgment against a party before the return day of the process is in the same category. The

trial court apparently relied upon Section 3177 of the Code. This section provides. ''The *court* may order either party to pay the clerk a sum of money for the separate support and maintenance of the adverse party and the children, and to enable such party to prosecute or defend the action.'' Should the defendant invoke this provision he would voluntarily enter his appearance in the case and the court would then have jurisdiction of both parties. The plaintiff may decide not to prosecute the action, and clearly the serving of an original notice is but the commencement of the action and not a prosecution thereof within the purview of the section. This statute contemplates an order for an allowance pending the trial on the merits after the defendant is within the jurisdiction of the court.

It may be conceded that the instant divorce action was commenced, but it cannot be viewed as pending so as to impose upon the adverse party a personal judgment before return day. The legislature in the enactment of Code Section 3177 did not use the word ''pending'' and if it were not for Code Section 3178 an order of attachment could not issue. Under the latter section the property attached is held to satisfy the judgment or decree of court *to be entered* after jurisdiction of the person of the defendant has attached. It is an order *in rem*.

The application for alimony, though not a separate suit, is a proceeding for a separate judgment, and when granted has nothing to do with the final judgment in the case and will not be affected by it. It is a final judgment in the sense that an appeal may be taken therefrom.

As to his appearance in court the statute governs, and a defendant has a right to rely upon the recitals of the original notice, and it is optional with him to appear sooner. This is no concern of the adverse party or the court. Expediency is not the mother of jurisdiction, nor do necessitous circumstances create jurisdiction. Under the provisions of Code Section 3514 a defendant upon notice of suit is required to appear and defend before noon of the second day of the next term of court. He is given until noon of the second day of the term to plead. Code Section 3550. Jurisdiction can only be obtained in the manner provided by law and a defendant is not required to appear prior to the date prescribed by statute. Therefore the

jurisdiction of a defendant is obtained in one of two ways: (1) by service of original notice in the manner and form prescribed by law, or (2) by voluntary appearance. *Sioux County v. Kosters,* 194 Iowa 1300.

A further question is presented, to wit: Did the special appearance of the defendant confer jurisdiction upon the court to enter an order for temporary alimony? The defendant (relator herein) in the divorce action attempted at the very thresh old of the case to exercise his statutory privilege, and in the manner prescribed by the statute. A defendant may make a special appearance to an action against him for the sole purpose of attacking the jurisdiction of the court and it must be announced at the time it is made. Section 3541 Code Supplement 1913. This was done in the instant case. This was the declared intent and purpose of his appearance and no court could give an interpretation and construction inconsistent with his express declaration. The single question presented was one of jurisdiction and the statute limits the objection to the consideration of jurisdictional matters only. See, *Read v. Rousch,* 189 Iowa 695; *Molsberry v. Briggs,* 176 Iowa 525. A court by no species of legal legerdemain can convert a special appearance of this character into a general appearance. It will be observed that the statute governing special appearance is within the chapter of the Code entitled ''Of the manner of commencing·actions.''

The essence of the decision in *Hamilton v. Hamilton,* 129 Iowa 628 is in harmony with the principle announced in the instant case. It is held that the court may enter an order for temporary alimony at any time after the filing of a petition, ''when it has jurisdiction of the subject-matter and *of the person.''* The italics are ours. The decision contains some language unhappily chosen, and in the absence of a critical study may be misleading. The intent of the writer is plain, and he is making answer to the contention of appellant's counsel that appearance to the jurisdiction of the court did not authorize the allowance of temporary alimony before return day. The statute governing special appearance as construed in the *Hamilton* case has been repealed, and therefore the interpretation given that law is not controlling under the present statute. It will also be observed that in the *Hamilton* case the defendant answered the

application for alimony, and was in no position to contend that his appearance was special. The opinion further reads: "If a plaintiff file a petition, and without the service of a notice the defendant appears and answers, the court has complete jurisdiction." It clearly recognizes that jurisdiction of the person of a defendant in a divorce action is obtained (1) by legal service of notice or process or (2) by a voluntary appearance or answer irrespective of return day or of a notice at all.

In the earlier case of *Prosser v. Prosser*, 64 Iowa 378 the only point presented for decision involved the jurisdiction of a judge *in vacation* to order temporary alimony prior to the term at which the defendant is required to appear. The question is answered in the negative. It may be inferred or implied from certain language of the opinion that a court in session may do what a judge in vacation may not do in the particular mentioned.

Sufficient to state that the intendment of the language is not to this effect. The proper inference or implication is that a court when it has jurisdiction of the subject-matter of the action and of the person of the defendant is authorized to exercise judicial functions which a judge in vacation may not exercise. The authority to act in the latter instance must be expressly conferred by statute.

We therefore hold that a judgment *in personam* cannot be entered against a defendant in a divorce action prior to the return day, unless his appearance is entered or an answer is filed prior to that date. Code Section 3177 must be read and construed in the light of Code Section 3514. There is a dearth of authority on the proposition submitted, but the decisions on the subject are quite uniform in holding that a defendant is not subject to a personal judgment prior to return day unless he voluntarily submits himself by appearance or answer. *Newton v. Newton*, 32 Mo. App. 162; *Elvins v. Elvins*, 176 Mo. App. 645; *Holland v. Holland*, 4 Del. 86; *Bailey v. Bailey*, 26 Pa. Dist 1059. It will be noted that the order of the court which is challenged by the plaintiff was entered on October 10th. The return day proper was on November 14th. From this latter date, the court had complete jurisdiction of the parties and of the subject-matter. The power to order temporary alimony inhered in such

2. CERTIORARI: when writ lies: premature order.

jurisdiction from the latter date.  The court had full power to set aside the previous order whether valid or invalid; and had equal power to confirm it, or to increase or diminish it, or to substitute another order therefor after return date.  Indeed, the court could not avoid the exercise of this jurisdictional power. For us now to sustain this writ is only to annul formally an order which the court below has full power to re-enter.  If the court lacked jurisdiction in the first instance, it was only in the sense that the order was premature.

In the opinion of the majority of the court it follows:  (1) That plaintiff had a speedy and adequate remedy by application to the district court at all times after November 14th.  (2) That the question presented herein became wholly moot after November 14th.  No order herein now can serve any function in the litigation.  Wherefore the writ is discharged and the petition dismissed.

EVANS, STEVENS, ARTHUR, and FAVILLE, JJ., concur.